### COMMUNITY STORES OF LA., Inc., v. KELLY et al.

### No. 953.

Court of Appeal of Louisiana. First Circuit.

May 3, 1932.

Jess Johnson, of Baton Rouge, for appellant.

Taylor Porter & Brooks and D. J. Sanchez, all of Baton Rouge, for appellees.

LE BLANC, J.

Highland road is the continuation of a street leading out of the city of Baton Rouge. It runs north and south. Near the southern limits of the city, it is intersected by Reddy street running from the east. The intersection is not a complete one; that is, Reddy street does not run across Highland road but comes to a stop where it meets it on the east side.

On the morning of October 11, 1930, there was a collision between two trucks at a point about the center of the Highland road, right at the intersection referred to. One of the trucks belonged to the plaintiff, and was being driven at the time by one of their employees named Walter Williams; the other belonged to the defendant Kelly, was being driven by his brother, Joseph H. Kelly, who worked for him. Both were model A Ford trucks. Plaintiff's truck was traveling south, in the direction going from Baton Rouge, and Kelly's was going north, towards the city.

Plaintiff alleges that their truck was being driven at not over twenty miles per hour on the west side of the road, which was the proper side for it to be on, and that Kelly's truck was proceeding north on the east side of the road, the proper place for it to be, at a speed of not less than thirty miles an hour. It is alleged that, when the driver of the Kelly truck reached a point about twenty-five feet in front of plaintiff's truck, he suddenly veered to his left, or the west side of the road, which placed the truck immediately in front of the plaintiff's truck; that this sudden act on the part of the Kelly truck's driver took plaintiff's driver by surprise, and he could not stop his truck in time to avoid the collision which occurred as Kelly's truck ran into him, the right front wheel of the truck striking against the front end of plaintiff's, causing an almost complete demolition. Plaintiff charges the driver of the Kelly truck with the carelessness, recklessness, and negligence which caused the accident, and prays for judgment against the defendant Kelly and against the New Amsterdam Casualty Company, which carried liability insurance on the truck, in solido, in the sum of $207.70, for damages to the truck; the items being fully detailed in the petition.

Both defendants answered to the same effect, that the driver of plaintiff's truck was proceeding on the east side of the Highland road, which was the wrong side for him to be on; that, as the two trucks neared the intersection of Reddy street, the driver of the Kelly truck slowed down, thinking that the other truck intended to make a turn into that street, but, instead, it continued coming on, on its left side of the road, and, when within twenty-five feet of each other, the driver of the Kelly truck, realizing that a head-on collision was imminent if both trucks continued in the same direction they were going, swerved his truck to his left side of the road to avoid being run into, but that, as he did so, the driver of the plaintiff truck also turned in the same direction and ran into the Kelly truck; the two trucks stopping at or near

the curb on the west side of the Highland road. They both aver that the accident was caused solely by the negligence and carelessness of the driver of plaintiff's truck, and defendant Kelly pleads in reconvention and prays for judgment against the plaintiff in the sum of $421.20, of which amount $354.70 is for damages to his truck, $50 for wages paid to an employee to replace his brother, Joseph H. Kelly, who was injured in the collision, and $16.50 for doctor's and hospital bills paid for account of the latter.

The lower court rendered judgment against the plaintiff; rejecting its claim as against both defendants, and in favor of the defendant Kelly on his reconventional demand against the plaintiff in the sum of $367.70. Plaintiff appealed.

Apparently there were only three eyewitnesses to the accident. These were Walter Williams, the negro driver of plaintiff's truck, who testified for the plaintiff, Joseph H. Kelly, driver of his brother's truck, and a negro woman, Idell Barrow, who also was a witness for the defendants.

Williams' testimony is an account of the occurrence substantially as it is set out in plaintiff's petition. He swears positively that he was on his right-hand side of the road, which is the west side of Highland road, the right-hand side of his truck being about three or four feet from the curb. The street (meaning Highland road), he says, is twenty-four feet wide. He was going up a hill towards Reddy street, when he saw the other truck coming on. It was then in front of Borne's blacksmith shop, which is shown to be on the southeast corner of the intersection of Reddy street. When Kelly was about twenty-five feet from him, he says, he made a quick turn to his left, toward the west side of the road, and ran into him. He says that the cars collided on the west side of the road, which was the right-hand side in relation to the direction he was going; the front right wheel of his truck and the left front wheel of the Kelly truck going up on the curb. He says that he made a quick turn to his right in an effort to avoid the collision when he saw the other truck making a turn to the left, but it was too late. On cross-examination he states, that the Kelly truck, when he first saw it, was traveling on the east side of the road, which was its right side, and that there was plenty of room for him to pass by. At that moment, if his testimony on the point is to be accepted, the two trucks were equidistant from the intersection of Reddy street. He estimates his speed at about twenty miles per hour and that of Kelly at approximately thirty-five. Williams' testimony stands as the only evidence on behalf of the plaintiff as to how the accident happened.

Joseph H. Kelly, driver of the Kelly truck, contradicts Williams directly, on what is a most vital point in the case, which is with respect to the position of the plaintiff truck on the road at the time it was approaching the intersection of Reddy street. He is most positive that Williams was coming on the east side of the road, the same side he was on, and which, naturally, was the wrong side for him (Williams) to be on. He (Kelly) was then driving between twenty and twenty-five miles per hour. The position of the plaintiff truck at the moment gave him every indication that the driver intended to go into Reddy street towards the east, but, when he saw that he continued coming down the road on the same side, and gave no sign of turning to his right so as to let him pass, he realized the peril that presented itself, and, in an attempt to save himself as well as the other car, he turned abruptly to his left. At the same time that he turned so, Williams also turned to his right, and, of course, they were then upon each other, and the collision became inevitable.

The testimony of Joseph H. Kelly is corroborated in almost all particulars by the negro woman, Idell Barrow, who was standing on the corner waiting to cross Reddy street and saw how the accident happened. She is positive that Williams was on his left-hand side of the road, because she had gotten the same impression that Kelly had, that the plaintiff truck was about to make a turn into Reddy street, and she was waiting there to let it go across the intersection. She says, moreover, that he was looking in the direction of Reddy street, which strengthened the impression she had already gained that he intended to turn into it. If he was so looking, he certainly could not observe the approaching car as he should have been doing.

With the testimony before us, we can come to no other conclusion but that, when these two trucks were about twenty-five feet apart, they were directly facing each other, and a head-on collision was inevitable. Kelly's swerving his truck suddenly to the left, under the impending perilous situation, did not constitute negligence on his part, and his employer, the owner of the truck, cannot be held responsible for the resulting damage to plaintiff's truck. Kennedy v. Opdenweyer, 11 La. App. 532, 121 So. 636, 123 So. 906; Potter v. Glassell, 146 La. 687, 83 So. 898.

Plaintiff's counsel contends that, when Kelly admits that he obtained the impression that the driver of the other truck intended to make a right-hand turn into Reddy street, he becomes guilty of negligence, for so believing forced upon him the duty of having his truck under control and bringing it to a complete stop, if necessary to permit the turn of the other. That contention might correctly be made were it not for the fact that the two trucks reached Reddy street almost simultaneously, and that defendant's truck was

proceeding on its right-hand side of the road. Conceding that Kelly was justified in his assumption that the driver of the other truck intended to make the turn into Reddy street, the latter had not yet pre-empted the intersection and obtained the right of way. .Under the situation as presented, it was his duty to wait, not Kelly's. "Unless motorist at intersection is far enough in advance of car approaching from right so that reasonable man would believe he could safely clear intersection, he must wait." Blashfield, Cyclopedia of Automobile Law, vol. 5, 1932, Cumulative Service, p. 468.

We are clearly of the opinion that the proximate cause of the accident in this case was the position of the plaintiff's truck on the almost extreme east side of the Highland road as it proceeded on its course in a southerly direction. It was negligence on the part of the driver to remain on that side of the road in view of the approach of the other truck from the opposite direction, and his employer must, be held responsible therefor.

The district judge correctly rejected the plaintiff's demand.

In passing on the reconventional demand of the defendant John W. Kelly, he awarded judgment in his favor in the sum of $367.70, which comprised the damages for necessary repairs to his truck and medical expenses paid by him for account of his brother who had been injured in the accident. He evidently found that the other items had not been supported by competent proof, which, as a matter of fact, they do not seem to be. We believe, therefore, that the judgment on the reconvention demand is also correct.

Judgment affirmed.